# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

Gary Forge,

        **Plaintiff,**

v.                                               **Case No. 18-2204-JWL**

Sisters of Charity of Leavenworth,

        **Defendant.**

## <u>MEMORANDUM & ORDER</u>

Plaintiff Gary Forge filed this lawsuit alleging that his former employer, defendant Sisters of Charity of Leavenworth ("SCL"), violated the Americans with Disabilities Act ("ADA"), as amended by the ADA Amendments Act of 2008 ("ADAAA"), 42 U.S.C. § 12101 et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., by terminating his employment and then failing to rehire him on the basis of his disability and/or age. Plaintiff further alleged that SCL violated the ADA when it failed to provide a reasonable accommodation for his disability and when it retaliated against him for requesting an accommodation by terminating his employment and by failing to rehire him. In September 2019, this court resolved the parties' cross-motions for summary judgment. Specifically, the court determined that a jury must resolve plaintiff's age-based and disability-based failure-to-rehire claims and that summary judgment in favor of SCL was warranted on all other claims.[1]

---

[1] Plaintiff also preserved in the pretrial order an ADA retaliatory failure-to-rehire claim that was not the subject of the parties' motions.

This matter is now before the court on defendant's motion to establish material facts pursuant to Federal Rule of Civil Procedure 56(g) (doc. 68) and plaintiff's motion for reconsideration (doc. 69). As will be explained, both motions are denied.

In its motion, SCL asks that the court deem numerous facts "established" for purposes of trial. SCL includes in its motion facts set forth in the court's memorandum and order as well as facts that plaintiff, in his response brief, failed to sufficiently controvert.[2] Federal Rule of Civil Procedure 56(g) provides, "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Courts have utilized Rule 56(g) to "materially expedite the adjudicative process" or to "limit the scope of the trial by removing sham issues from the case." *Russell v. Pallito*, 2019 WL 2125101, at *19 (D. Vt. Jan. 7, 2019) (quoting *Hartford Fire Ins. Co. v. Goodman Mfg. Co., L.P.*, 2010 WL 3260111, at *2 (S.D.N.Y. Aug. 4, 2010)). The facts identified by defendant in its motion are not the type of facts that call for an order under Rule 56(g) but, instead, are the type of facts that must be established at trial through the normal presentation of evidence by both parties. *See Hartford*, 2010 WL 3260111, at *2. The particular facts identified by defendant are not material to the jury's resolution of plaintiff's claims[3] or are inextricably intertwined with matters that are substantially

---

[2] In its memorandum and order, the court set forth the facts in the light most favorable to plaintiff. The court did not indicate that it was deeming any of those facts established for purposes of trial.

[3] By way of example, defendant seeks an order establishing as a fact for trial that "plaintiff has no direct evidence of age discrimination."

controverted by the parties.[4]  Establishment of those facts, then, will not expedite or limit the scope of the trial in this case.  The motion is denied.

Plaintiff moves for reconsideration of the court's order granting summary judgment to defendant on plaintiff's claim that he was terminated based on his disability, his age and/or in retaliation for requesting an accommodation and that defendant failed to accommodate his disability.  Plaintiff's motion is expressly asserted under Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims . . . may be revised at any time before the entry of a judgment adjudicating all the claims." *See Ankeney v. Zavaras*, 524 Fed. Appx. 454, 458 (10th Cir. 2013).  The Tenth Circuit has stated that a court considering an "interlocutory" motion under Rule 54(b) is "not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b), which govern a district court's reconsideration of its final judgments." *Spring Creek Exploration & Production Co., LLC v. Hess Bakken Investment, II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).  Essentially, the court may invoke its plenary power to revisit and amend interlocutory orders as justice requires and, in doing so, considers whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error.  *Id*. at 1024-25. Despite this somewhat lesser standard for reconsideration, the court denies plaintiff's motion as explained below.

---

[4] Defendant, for example, asks the court to treat as established in this case the fact that plaintiff never submitted a resume or formal application to return to his job; that submission of a resume or application is "critical" to defendant's rehiring process; and that it was "standard practice" for defendant to require former employees to follow the "regulation application process."

Plaintiff first asserts that the court improperly granted summary judgment on his claim that he was terminated based on his disability because, in doing so, the court relied on a defense not preserved in the pretrial order. In the next breath, plaintiff asserts that the court erred by not substantively addressing that claim at all. Both assertions are inaccurate. As the court noted in its memorandum and order, plaintiff's ADA termination claim and his failure-to-accommodate claim "both turn on the issue of whether SCL violated the ADA by failing to accommodate his disability." Thus, the court's determination that plaintiff's accommodation request was unreasonable as a matter of law resolved both claims simultaneously. The court, then, did not base its decision on some "defense" not preserved in the pretrial order.[5] Moreover, after resolution of the accommodation issue, there were no remaining issues for the court to address with respect to plaintiff's ADA termination claim. To the extent plaintiff also contends that the court granted summary judgment on plaintiff's ADA retaliatory discharge claim based on a defense not preserved in the pretrial order, that assertion is also inaccurate. With respect to that claim, the court held that plaintiff did not meet his burden of establishing that defendant's asserted nonretaliatory reasons for terminating plaintiff was pretextual. The facts underlying defendant's asserted nonretaliatory reasons were set forth in the pretrial order.

Plaintiff next asserts that the court drew inferences in favor of defendant when it concluded that defendant "did not have an expected end date with respect to plaintiff's disability or a reasonable estimate of when plaintiff could resume his duties." As noted by plaintiff, this conclusion was fatal to plaintiff's disability discrimination claim and his failure-to-accommodate

---

[5] Defendant clearly set forth in the pretrial order its assertion that plaintiff's requested accommodation was not reasonable.

claim. But contrary to plaintiff's argument, this "conclusion" made by the court was not a factual one. The court concluded as a matter of law, based on the undisputed evidence, that plaintiff's leave request was unreasonable. The court explained its decision in some detail—over 12 pages of its memorandum and order was dedicated to this issue. Plaintiff's motion to reconsider on this point simply rehashes arguments made in plaintiff's initial submissions. The court declines to revisit those arguments, which were thoroughly considered in its memorandum and order.

Finally, plaintiff challenges several aspects of the court's pretext analysis. First, he suggests that the court failed to consider his pretext argument at all in connection with this ADA termination claim. Of course, the court did not reach plaintiff's pretext argument with respect to his ADA termination claim because plaintiff could not establish a prima facie case of discrimination in the first instance. Specifically, plaintiff could not establish that he was qualified to perform the essential functions of his position with or without reasonable accommodation because it was undisputed that he could not perform the job at the time he was fired and the only accommodation that would permit him to do his job—another leave of absence—was not reasonable.[6]

Plaintiff also asserts that the court, in rejecting plaintiff's pretext argument on his ADA retaliatory discharge claim and his ADEA termination claim, improperly drew inferences in favor of defendant and improperly credited the testimony of Sister Panisko. By way of background, defendant asserted that it rejected plaintiff's request for additional medical leave (and terminated

---

[6] While the parties did not mention plaintiff's "record of" or "perceived" disability claims in their summary judgment submissions, plaintiff's failure to establish that he was "qualified to perform the essential functions of his job with or without reasonable accommodation" is fatal to those claims as well. *See Williams v. FedEx Corporate Servs.*, 849 F.3d 889, 896 (10th Cir. 2017).

his employment) because plaintiff failed to return to work after six months of leave and defendant was not willing to hold that position open for plaintiff in light of staffing issues in the power plant, including the fact that current employees were working overtime and defendant needed to fill the position with someone who could perform the job. Plaintiff's primary pretext argument in response to defendant's proffered reasons was that it was implausible that defendant would terminate plaintiff while at the same time struggling to fill open power plant positions. Plaintiff asserts that the court erred by crediting Sister Panisko's testimony that holding plaintiff's job open indefinitely was preventing defendant from posting an open position for a more experienced power plant operator.[7] The court did not "credit" this testimony—there was simply no testimony in the record that controverted it. And the fact remains that defendant, at the time of the termination decision, did not know when plaintiff would return to work and was seeking to hire someone who could actually perform the job and relieve other employees from working overtime. Plaintiff's "implausibility" argument would be a compelling one if plaintiff, at the time of his termination, was able to perform his job. It is uncontroverted, however, that plaintiff could not perform his job at the time of his termination. Thus, plaintiff's argument that it defies logic to fire an employee "who could have filled such a role as long as another suitable candidate could not be

---

[7] Plaintiff contends that the court's citation to this fact was improper because defendant did not cite to that fact or otherwise discuss that fact. Rule 56 specifically authorizes a district court to consider materials in the record other than those cited by the parties. *See* Fed. R. Civ. P. 56(c)(3). But more importantly, the court cited that portion of the record because it was pertinent to a clear understanding of those portions of the record to which the parties had cited. That additional testimony did not bear on the court's resolution of the motion for summary judgment because plaintiff's evidence simply did not demonstrate that defendant's proffered reasons for terminating plaintiff's employment—his inability to return to work after six months of leave and the fact that other employees were working additional overtime in his absence—were pretextual.

hired" is itself flawed. Plaintiff could not fill that role at the time of his termination because he could not work.

In a related vein, plaintiff contends that the court failed to consider certain pretext evidence in connection with his ADEA termination claim and his ADA retaliatory discharge claim. Specifically, plaintiff argues that the court did not address his argument that defendant's failure to rehire plaintiff in February 2017 despite having open power plant positions suggests that defendant's termination decision in early January 2017 (and, more specifically, defendant's assertion that it could no longer wait for plaintiff to return from leave because it had open positions that it needed to fill) was pretextual. This argument was apparently made in just one sentence of plaintiff's lengthy brief and the court did not understand that plaintiff was making this argument. In any event, the court thoroughly discussed plaintiff's pretext evidence, including his evidence that defendant, at the time of plaintiff's termination, had open power plant operator positions. But even if the fact that defendant failed to rehire plaintiff in February 2017 despite having open positions was sufficient to cast doubt on defendant's assertion in early January 2017 that it was no longer willing to hold plaintiff's job open in light of staffing issues at the plant, this claim would not survive summary judgment because that evidence does not address the independent reason advanced by defendant for plaintiff's termination—the fact that plaintiff undisputedly could not return to work after six months of leave. *See Lobato v. New Mexico Environment Dept*., 733 F.3d 1283, 1289 (10th Cir. 2013) (where employer advances more than one reason for an adverse employment action, employee generally must proffer evidence that shows that each of those reasons is pretextual).

With respect to that independent reason, the record evidence showed that defendant's practice was to limit leave to six months in length.  The record was devoid of evidence showing that defendant routinely granted leaves of absence longer than six months.  In fact, the record showed that only two employees in a nine-year-period were granted leaves longer than six months and, as the court noted, plaintiff failed "to suggest that those employees were like him in any relevant way."  In his motion to reconsider, plaintiff urges that defendant "does not limit medical leaves of absence to six months" but simply applies a higher level of scrutiny to requests for leave beyond six months.  Plaintiff fails to show how the court's memorandum and order is inconsistent with this statement.  The court did not indicate that defendant maintained a bright-line rule of six months of leave and, as noted, considered the fact that defendant had, on occasion, granted leaves beyond six months.  Plaintiff also criticizes the court's statement that plaintiff failed to suggest that the employees who received longer leaves of absence "were like him in any relevant way."  According to plaintiff, he was "similarly situated" to these employees because the same manager made all decisions regarding whether to grant medical leave.  Regardless, plaintiff has not shown how the differential treatment of those other employees demonstrates pretext or undermines defendant's proffered reasons for terminating plaintiff's employment, particularly when the specific facts underlying the leaves granted to those other employees are distinct from those presented here.

Lastly, plaintiff asserts that the court improperly discounted the testimony of plaintiff's immediate supervisor, Mike Vornholt.  As explained in the court's memorandum and order, Mr. Vornholt's testimony did not contradict the testimony of Sister Panisko on any material issues and, in any event, Mr. Vornholt was not involved in the decision to terminate plaintiff's

employment.  While plaintiff speculates that Mr. Vornholt, as the supervisor of the power plant, would necessarily have been involved in the termination decision, there is no evidence demonstrating that Mr. Vornholt participated in the termination decision.  And, of course, to the extent the decision was based on factors wholly apart from staffing issues in the power plant—the fact that plaintiff could not return to work after six months of leave—there is no reason why Mr. Vornholt would have participated in the decision and his testimony is not pertinent to that issue.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to establish material facts pursuant to Federal Rule of Civil Procedure 56(g) (doc. 68) is **denied** and plaintiff's motion for reconsideration (doc. 69) is **denied**.

**IT IS SO ORDERED.**

Dated this 14th  day of November, 2019, at Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge